IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MIDWEST RAILCAR CORPORATION,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   No.: **3:13-cv-00425-JPG-PMF** |
| | ) |
| **AREPET SAND VENTURES, LLC** *et al*, | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

**FRAZIER, Magistrate Judge:**

Before the Court is Plaintiff Midwest Railcar Corporation ("Midwest") (Doc. 17) motion to strike Defendant Arepet Industries, LLC, Arepet Sand Ventures, LLC, Ruben Garza, and Cesar Saenzs' ("Defendants") answers to paragraph 8 and paragraph 17 of Count II, III, IV, and V of Midwest's Complaint made pursuant to Rule 12(f) and Rule 9(c) of the Federal Rules of Civil Procedure.  For the following reasons, the (Doc. 17) motion to strike is granted.

"In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed.  But when denying that a condition precedent has occurred or been performed, a party must do so with particularity."  FED. R. CIV. P. 9(c). "Under Rule 9(c), a denial of a condition precedent that is not made specifically and with particularity must be stricken." *Evaluation Systems, Inc. v. Aetna Life Insurance Co.*, 555 F.Supp. 116, 122 (N.D.Ill.1982).  "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  The court may act on its own or on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days of being served with the pleading." FED. R. CIV. P. 12(f).  Defendants' answer to Midwest's

Complaint was filed on May 8, 2013. Midwest responded within 21 days to the Defendants' answers with this motion to strike, which was filed on May 22, 2013.

Midwest has filed the instant (Doc. 17) motion to strike Defendants' answers to Paragraph 8 (Doc. 2-1 at 4 ¶ 8) and Paragraph 17 (Doc. 2-1 at pp. 6 ¶ 17, 8 ¶ 17, 10 ¶ 17, 12 ¶ 17) of Midwest's complaint. Midwest asserts that the Defendants' answers "violate Rule 9(c) of the Federal Rules of Civil Procedure since they only generally deny paragraph 17 of the Complaint and do not state with particularity as to which condition precedents allegedly have not occurred or been performed." Doc. 17. Midwest contends that the answer to both paragraphs contains an insufficient defense and should be stricken from the record. The Court agrees that Defendants' answer is insufficiently plead with particularity as to which condition precedents have not occurred or been performed. Additionally, Defendants failed to respond to Midwest's motion to strike. "Failure to file a timely response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion." SDIL-LR 7.1(g).

For the forgoing reasons, Midwest's (Doc. 17) motion to strike Defendants' answers to Midwest's complaint is granted. Therefore, Defendants answers to paragraph 8 (Doc. 6 at 2 ¶ 8) and paragraph 17 of Count II, III, IV, and V (Doc. 6 at pp. 3 ¶ 17, 4 ¶ 17, 5 ¶¶ 17 & 17) are stricken, and Defendants are given leave to amend their answers to comply with Rule 9(c) of the Federal Rules of Civil Procedure. Defendants may file amended answers that comport with the formatting requirements of Local Rule 15.1 within 10 days of this order.

SO ORDERED.

DATED: June 26, 2013.

*s/ Philip M. Frazier*
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE