IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MIDWEST RAILCAR CORPORATION,** an Illinois, Corporation | § § § | |
| **Plaintiff,** | § § | |
| VS. | § § | Case No. 13-425-JPG/PMF |
| **AREPET SAND VENTURES, LLC,** a Limited Liability Company, **AREPET INDUSTRIES, LLC,** a Texas Limited Liability Company, **RUBEN GARZA, JAMES MICHAEL MONCRIEF,** and **CESAR SAENZ** | § § § § § § § § § | |
| **Defendants.** | § | |

**DEFENDANT'S SECOND AMENDED ANSWER
TO PLAINTIFF'S ORIGINAL COMPLAINT AND AFFIRMATIVE DEFENSES**

NOW come Defendants, **Arepet Sand Ventures, LLC, a Limited Liability Company,** ("**ASV**"), **Arepet Industries, LLC a Texas Limited Liability Company** ("**AI**"), **Ruben Garza** ("**Garza**") , **James Michael Moncrief** ("**Moncrief**"), and **Cesar Saenz ("Saenz")** (collectively "**Defendants**"), and file this their Second Amended Answer to the Original Complaint ("Complaint") of Plaintiff Midwest Railcar Corporation ("Plaintiff") and Affirmative Defenses as follows:

**ANSWER**

Defendants answer Plaintiffs' Original Complaint as follows:

**General Denial**

Pursuant to Rule 8(b), FED. R. CIV. P., Defendant denies generally all claims that are not specifically admitted herein.

**Responses to Specific Averments**

Defendant's responds as follows to the averments contained in the following numbered paragraphs of Plaintiff's Original Complaint:

**COUNT I**

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1.

2. Defendant admits the allegations of Paragraph 2.

3. Defendant admits that MRC and Arepet Sand entered into a Master Lease agreement. Defendant needs not admit or deny the remaining allegations in Paragraph 3 of the Complaint in that it contains legal conclusions regarding the interpretation of the rights and obligations under a contract.

4. Defendant admits that MRC and Arepet Sand entered into a Schedule 1 to the Master Lease agreement. Defendant needs not admit or deny the remaining allegations in Paragraph 4 of the Complaint in that it contains legal conclusions regarding the interpretation of the rights and obligations under a contract.

5. Defendant admits that MRC and Arepet Sand entered into a Schedule 2 to the Master Lease agreement. Defendant needs not admit or deny the remaining allegations in Paragraph 5 of the Complaint in that it contains legal conclusions regarding the interpretation of the rights and obligations under a contract.

6. Deny.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and therefore deny them.

8. Admit.

9. Deny.

10. Does not require admission or denial by this Defendant. Defendant does not challenge personal jurisdiction in this court with respect to this case. The remainder of the allegations of paragraph 10 are therefore moot.

11. Does not require admission or denial by this Defendant. Defendant does not challenge personal jurisdiction in this court with respect to this case. The remainder of the allegations of paragraph 11 are therefore moot.

12. Defendant needs not admit or deny the allegations in Paragraph 12 of the Complaint in that it contains a legal conclusion regarding the interpretation of a contract.

## COUNT II.

13. Defendant admits the allegations of Paragraph 13.

14. Defendant admits that Arepet Industries signed a Corporate Guaranty. Defendant needs not admit or deny the remaining allegations in Paragraph 14 of the Complaint in that it contains legal conclusions regarding the interpretation of the rights and obligations under a contract.

15. Deny.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint and therefore deny them.

17. Admit.

18. Does not require admission or denial by this Defendant. Defendant does not challenge personal jurisdiction in this court with respect to this case. The remainder of the allegations of paragraph 18 are therefore moot.

19. Does not require admission or denial by this Defendant. Defendant does not challenge personal jurisdiction in this court with respect to this case. The remainder of the allegations of paragraph 19 are therefore moot.

20. Defendant needs not admit or deny the allegations in Paragraph 20 of the Complaint in that it contains a legal conclusion regarding the interpretation of a contract.

### COUNT III

13. Defendant admits the allegations of Paragraph 13.

14. Defendant admits that Garza signed a Personal Guaranty. Defendant needs not admit or deny the remaining allegations in Paragraph 14 of the Complaint in that it contains legal conclusions regarding the interpretation of the rights and obligations under a contract.

15. Deny.

16. Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint and therefore deny them.

17. Admit.

18. Does not require admission or denial by this Defendant. Defendant does not challenge personal jurisdiction in this court with respect to this case. The remainder of the allegations of paragraph 18 are therefore moot.

19. Does not require admission or denial by this Defendant. Defendant does not challenge personal jurisdiction in this court with respect to this case. The remainder of the allegations of paragraph 19 are therefore moot.

20. Defendant needs not admit or deny the allegations in Paragraph 20 of the Complaint in that it contains a legal conclusion regarding the interpretation of a contract.

### COUNT IV

13. Defendant admits the allegations of Paragraph 13.

14. Defendant admits that he signed a Personal Guaranty. Defendant needs not admit or deny the remaining allegations in Paragraph 14 of the Complaint in that it contains a legal

conclusion regarding the interpretation of a contract.

15. Deny.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint and therefore deny them.

17. Admit.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint and therefore deny them.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint and therefore deny them.

20. Defendant needs not admit or deny the allegations in Paragraph 20 of the Complaint in that it contains a legal conclusion regarding the interpretation of a contract.

## COUNT V

13. Defendant admits the allegations of Paragraph 13.

14. Defendant admits that Saenz signed a Personal Guaranty. Defendant needs not admit or deny the remaining allegations in Paragraph 14 of the Complaint in that it contains legal conclusions regarding the interpretation of the rights and obligations under a contract.

15. Deny.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint and therefore deny them.

17. Admit.

18. Does not require admission or denial by this Defendant. Defendant does not challenge personal jurisdiction in this court with respect to this case. The remainder of the allegations of paragraph 18 are therefore moot.

19. Does not require admission or denial by this Defendant.  Defendant does not challenge personal jurisdiction in this court with respect to this case.  The remainder of the allegations of paragraph 19 are therefore moot.

20. Defendant needs not admit or deny the allegations in Paragraph 20 of the Complaint in that it contains a legal conclusion regarding the interpretation of a contract.

## ALL DEFENDANTS' AFFIRMATIVE DEFENSES

Defendants hereby assert the following affirmative defenses:

1. **Unconscionable Contract/Violation of the UCC**. Failure to calculate future lease payments to present value as required under §528 and/or 529 of the Uniform Commercial Code:  Plaintiff continues to try and collect future lease payments without discounting those to present value as required by the UCC.

2. **Unconscionable Contract/Unenforceable Penalty Provision.** Plaintiff seeks damages against Defendants pursuant to §28(c)(1) and (2) of the Lease, **which includes a $1.97 million charge for the value of the railcars,** which railcars Defendant Arepet still has in its possession and has been trying to return to Plaintiff to mitigate damages and as part of efforts to settle this dispute (including offers of full payment of past rent due with interest) but Plaintiff refuses to accept them back. The liquidated damages clause in the Lease is actually an unreasonable penalty and thus not enforceable under Illinois law, because it was not at the time of contracting, and is not now, a reasonable estimate of the damages that might flow from the breach of a 36-month equipment lease agreement.  *See Energy Plus Consulting, LLC v. Illinois Fuel Oc., LLC*, 371 F.3d 907 (7th Cir. 2004); *Yockey v. Horn*, 880 F.2d 945 (7th Cir. 1989).   In Illinois, remedies at law and by contract are subject to the overriding policy that remedies are intended to put the

aggrieved party in as good a position as it would have been in had the contract been performed; accumulation of remedies is not available if the injured party will be over-compensated as a result of the accumulation.  Illinois Uniform Commercial Code §1-305 [§ 1-106].   The UCC is explicit that the goal of any remedies provision is to compensate the injured party and **not** to penalize the breaching party.  810 ILCS 5, §1-305 [§ 1-206]. Liquidated damages provision amounts or formulae must be <u>reasonable</u> in light of the probable harm that was anticipated at the time the contract was made.  Thus 810 ILCS 5, § 2A-504(1) approves liquidated damages clauses only if they comply with a basic "reasonableness" test.   The remedies provision in the Lease is unconscionable and unreasonable and should not be enforced or, alternatively, should be limited as to avoid an unconscionable result.

3. **Failure to Mitigate Damages**.   Plaintiff has entirely failed to mitigate, or even attempt to mitigate damages, despite its obligation to do so.  Defendants have offered to return the railcars to Plaintiff on several occasions because Defendants cannot use said railcars and are not using said railcars.  Plaintiff has refused to even consider accepting the return or the railcars or releasing them and has not even responded to Defendants' requests.

4. **Unconscionable Contract/ Unjust Enrichment**.   Enforcing the contract as Plaintiff suggests would lead to the unconscionable result of Defendants making roughly twice more money from Defendants' default than from Defendant' performance of the contract, resulting in unjust enrichment of Plaintiff.  The upshot of the Plaintiff's interpretation of this contractual liquidated damages clause is that if Defendants miss *just one (1) month's lease payment* (see Lease at §27) then they are in default and ***must buy*** all the railcars for

$1.97 million (Lease at §28(c)(1) and (2)),[1] *which is roughly twice the value of the entire lease*.[2]

5. **Offset.** Plaintiff's damages claim provides no offset for the present market value of the railcars per §528(a)(ii) of the UCC.

Dated: September 4, 2013                    Respectfully submitted,

**CASTILLO SNYDER, P.C.**
By: /s/ Edward C. Snyder
Edward C. Snyder*
Texas Bar No. 00791699
esnyder@casnlaw.com
Bank of America Plaza, Suite 1020
300 Convent Street
San Antonio, Texas 78205
(210) 630-4200
(210) 630-4210 (Facsimile)

**ATTORNEYS FOR DEFENDANTS**

**\* Admitted** *pro hac vice*.

### CERTIFICATE OF SERVICE

On September 4, 2013, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Southern District of Illinois, using the electronic case filing system of the Court. I hereby certify that I will serve Midwest Railcar Corporation through its counsel of record, electronically, or by other means authorized by the Court or the Federal Rules of Civil Procedure.

/s/ Edward C. Snyder
Edward C. Snyder

---

[1] It is altogether unclear as to whether or not Defendants get to even keep the railcars and obtain clean title to them once they are forced to pay the $1.97 million for them because the Lease is silent on the issue of what happens to the railcars in this event.

[2] The Lease contemplates the rental of 41 railcars under Schedule 1 for 36 months at $430 per car per month for a total of **$634,680** and 18 additional rail cars under Schedule 2 for 36 months at $550 per car for a total of **$356,400**. See Schedules 1 and 2 to the Lease.